RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0497-MR

HAQS, LLC                                                                    APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 21-CI-003315

FIRST FINANCIAL BANK, INC.                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: This case involves a series of fraudulent checks. The aggrieved account holder is Appellant, Haqs, LLC (Haqs). The successor in interest to the payor bank is Appellee, First Financial Bank, Inc. (FFB). On June 8, 2021, Haqs filed suit against FFB in Jefferson Circuit Court, alleging that, between April 13, 2017 and April 20, 2017, unknown persons counterfeited or forged thirty-two checks on Haqs' account, resulting in a loss of $15,227.61. FFB successfully sought dismissal based on the expiration of the applicable statute of limitations

(SOL).  Haqs appeals to this Court as a matter of right.  For the following reasons, we affirm.

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*"  *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted).  Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true."  *Id.* (citation omitted).  With this standard in mind, we now address the relevant record and law at issue here.

The governing statutes in this matter are found under Kentucky's Uniform Commercial Code (UCC), at KRS[1] 355.3-118(7) and KRS 355.4-111.  Both of which establish a three-year limitation period in which to pursue an action once a claim for relief accrues.  It is undisputed that the underlying suit was filed beyond the expiration of these provisions.  Rather, Haqs argues that they should be tolled because FFB's predecessor in interest (another bank), refused to assist Haqs in its attempts at reimbursement.  In support, Haqs primarily cites KRS 413.190(2) (tolling provision due to obstruction of process, etc.), and *Roman Catholic Diocese of Covington v Secter*, 966 S.W.2d 286, 290 (Ky. App. 1998) (applying KRS

---

[1] Kentucky Revised Statutes.

413.190(2) in a context inapplicable here).  In its order dismissing the present case

as untimely filed, the circuit court concluded:

> From all indications, the factual scenario in this matter
> represents a classic instance of a litigant sleeping on its
> rights.  Once more, Plaintiff's own Verified Complaint
> concedes that Plaintiff, through its member and
> registered agent, Abdul Haq, knew at latest on January 8,
> 2018, about the alleged counterfeiting/forgery of checks;
> even so, Plaintiff took no action "to enforce an
> obligation, duty, or right" under Kentucky's governing
> UCC until the filing of this lawsuit on June 8, 2021.  No
> reason or excuse is offered by Plaintiff for having failed
> to file suit during this greater than three-year period,
> despite its allegation that it acted "promptly" in 2018 to
> report the counterfeiting/forgery of checks to the bank
> and to law enforcement.

Haqs has not persuasively demonstrated any factual or legal directive requiring

reversal.  Therefore, we AFFIRM.


ALL CONCUR.



BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Maureen Sullivan                        John T. McGarvey
Louisville, Kentucky                    R. Benjamin Crittenden
                                        Louisville, Kentucky